```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WILLIAM MORALES,

                Plaintiff,

vs.	Case No. 2:09-cv-579-FtM-29SPC

THE GEO GROUP, INC.,

                Defendant.
_____

## **ORDER**

This matter comes before the Court upon Plaintiff's Motion for Rehearing (Doc. #9, Motion) filed October 15, 2009. The Court construes the Motion as a Rule 59 motion since, applying the mailbox rule, it was timely filed within ten days of entry of judgment (Doc. #6). Plaintiff asks the Court to reconsider its September 30, 2009 Order dismissing this action without prejudice (Doc. #5, September 30, 2009 Order). The Court dismissed this action finding that the claim raised in this action was duplicative of one of the claims raised in Plaintiff's complaint filed in case number 2:09-cv-488-FtM-29SPC. See generally September 30, 2009 Order. Plaintiff states that his complaint, as amended, in his earlier-filed action did not include this claim advanced in the instant action. Motion at 1.

Rule 59(e), Fed. R. Civ. P., affords the Court substantial discretion to reconsider an order which it has entered. See generally Mincey V. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D.

Fla. 1994). There are three grounds that justify granting a Rule 59 motion: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kelley v. Singletary, 238 F. Supp. 2d 1325 (S.D. Fla. 2002); Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999).

In the instant action, Plaintiff, who is civilly confined at the Florida Civil Commitment Center (FCCC), filed a *pro se* Complaint alleging that the defendant, the Geo Group, has been deliberately indifferent to Plaintiff's serious heart condition by failing to provide him with a proper medically prescribed diet in violation of the Fourteenth Amendment. See generally Complaint (Doc. #1). In particular, Plaintiff alleges that he has a history of heart problems and was prescribed a restricted diet after his February 17, 2006 bypass surgery. Id. at 2. Plaintiff claims that GEO failed to provide Plaintiff with proper dietary restricted meals, and, on November 6, 2007, he was diagnosed with three blocked arteries. Id. Plaintiff claims that GEO's deliberate indifference to his dietary needs resulted in Plaintiff's "current illness." Id.

In his complaint filed in case number 2:09-cv-488, Plaintiff alleges that numerously-named defendants, including the GEO Group, have been deliberately indifferent to Plaintiff's serious medical

condition by failing to provide Plaintiff with proper medical care and dietary care. See generally complaint (Doc. #1). In particular, Plaintiff claims that the defendants failed to provide Plaintiff with the necessary follow-up medical care, the recommended medications, and the proper diet prescribed by his physician following his February 17, 2006 bypass surgery. Id. at ¶¶ 10-17. As a result of not being provided with the medication and the recommended diet, Plaintiff claims that he "had to have a stent inserted to fix arterial blockages" and is now required to have a second procedure due to this additional blockage. Id. at ¶12.

Thereafter, Plaintiff filed a motion for leave to file an amended complaint in this previous action, along with a proposed amended complaint. See Docs. #5(motion), 6 (amended complaint). The proposed amended complaint names only the GEO Group as the sole defendant, and alleges that GEO has been deliberately indifferent to Plaintiff's heart condition. Amended complaint at 1, 2. In particular, Plaintiff asserts that he has sought coronary bypass surgery to treat his November 6, 2007 diagnosis, but GEO has refused to provide the treatment due to "corporate monetary concerns." Id. at 2. On January 7, 2010, the Court granted Plaintiff's motion to file the amended complaint and deemed the amended complaint the operative pleading in this action. See Doc. #11.

Here, it is clear that Plaintiff raised the same claim advanced in this action in his original complaint filed in case number 2:09-cv-488. Although Plaintiff filed an amended complaint and appears to have removed the claim that defendant GEO was deliberately indifferent to Plaintiff's serious medical condition by failing to provide the recommended diet which resulted in his alleged current deteriorated heart condition, it is clear that such claim is related to Plaintiff's remaining claim -- whether defendant GEO is deliberately indifferent to Plaintiff's medical condition by failing to provide adequate medical care. Because "[r]es judicata, or claim preclusion bars a party from relitigating a cause of action that was, or could have been raised in a previous suit between the parties that resulted in a final judgment on the merits," Sherrod v. School Bd. of Palm Beach County, 272 Fed. Appx. 828, 830 (11th Cir. 2008)(citing In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001)), Plaintiff should raise all related claims arising "out of the same nucleus of operative fact" in one action. O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1355 (11th Cir. 2000).

Because the Court just recently ruled on Plaintiff's pending motion to amend in case number 2:09-cv-488 and the amended complaint has not yet been served, Plaintiff may choose to submit a motion to file a second amended complaint, which includes all claims related to defendant GEO's alleged medical indifference in

order not to barred from raising such claims in a future proceeding. Alternatively, because the Court dismissed the Complaint without prejudice in this instant action, Plaintiff may initiate a new action if he elects not to include this related claim in his current pending action. Consequently, the Court does not find that Plaintiff has demonstrated grounds for reconsideration or modification of the Court's September 30, 2009 Order.

Accordingly, it is now

**ORDERED**

Plaintiff's Motion for Rehearing (Doc. #9) is **DENIED**

**DONE AND ORDERED** in Fort Myers, Florida, on this ___8th___ day of January, 2010.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record